UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Estate of Robert Pardy,
through its administrators
Kyley Gobin and Sara Pardy; and
Estate of Cody Pardy, through
its administrator Dorothy Ferland,
    Plaintiffs

   v.                                        Civil No. 09-cv-192-SM
                                            Opinion No. 2010 DNH 067

Alabama Farmers Cooperative, Inc.
d/b/a Bonnie Plant Farm; Highlands
Fuel Delivery, LLC; and Johnson
& Dix Fuel Corporation,
    Defendants

**O R D E R**

    Bonnie Plant Farm is a division of Alabama Farmers Cooperative ("AFC") and runs agricultural businesses and greenhouses around the country, including one in Lempster, New Hampshire.  Robert Pardy was employed by Bonnie Plant Farm and, as a benefit of that employment, he and his son Cody were permitted to live in a home on the Lempster farm.  Tragically, on or around May 30, 2008, he and Cody died from Carbon Monoxide poisoning in that home.  An investigation conducted by the New Hampshire State Fire Marshal's office concluded that because a corroded exhaust pipe between the furnace and chimney had collapsed and fallen to the floor, exhaust from the furnace had been venting directly into the house.

In June of 2009, the estates of Robert and Cody brought suit against AFC, alleging that its agents had negligently maintained the house and its heating system (count one) and that, as landlord, AFC breached its implied warranty of habitability (count two).  The estates also brought a claim against Highlands Fuel Delivery, LLC (formerly Irving Oil Corporation and successor in title to Johnson & Dix Fuel Corporation) alleging that Highlands' agents (or those of its predecessors) negligently inspected, maintained, and/or serviced the heating system (count three).[1]

According to AFC, the Fire Marshal's office has determined that the home is uninhabitable and has advised AFC to demolish it.  Accordingly, AFC now moves the court for permission to raze the house, saying it is vacant and poses a safety/fire hazard.  It also says it wishes to begin construction of alternate housing (apparently on that site) for its employees.  Johnson & Dix (joined by the plaintiffs and Highlands Fuel Delivery) objects.

---

[1] In 2006, Johnson & Dix sold its gas and oil business to Irving Oil Corporation.  Subsequently, Irving converted to a limited liability corporation known as Highlands Fuel Delivery, LLC.

**Discussion**

Although Johnson & Dix urges the court to deny AFC's motion and require AFC to maintain the home in its current condition, it has offered few concrete reasons to do so. Instead, it merely suggests that there is a possibility that, upon further discovery, additional onsite inspections of the house and/or testing may become necessary. But, Johnson & Dix and the other parties to this litigation have previously been granted access to the premises on at least two occasions and, presumably, could have had additional access if they or their experts desired. Moreover, to the extent any of the parties believes the furnace should be preserved for additional inspection or testing, it can obviously be removed and stored at a secure location.

In light of those facts, the court sees little reason to require AFC to incur the costs, risk, and inconvenience associated with maintaining the structure in its current uninhabitable and potentially dangerous condition for an indefinite period of time. Accordingly, AFC's motion to raze the house is granted, subject to the following conditions:

1. AFC shall not destroy, demolish, or otherwise alter the house from its present condition until on or after Friday, June 2, 2010.

2. Prior to that date, AFC shall afford the other parties to this litigation (and their agents,

>    experts, etc.) reasonable access to the premises to perform appropriate inspections, testing, etc.
>
> 3. If, prior to the demolition of the structure, one or more of the other parties to this litigation wishes to preserve any evidence from that building (e.g., the furnace), they shall coordinate with AFC to remove it. Any such party(s) shall bear the costs of removal, storage, and preservation of such evidence.

## Conclusion

For the forgoing reasons, as well as those set forth in AFC's motion, its motion to raze property (document no. 34) is granted, subject to the conditions set forth above.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 12, 2010

cc: Arend R. Tensen, Esq.
Stephen J. Schulthess, Esq.
Debbie L. Makris, Esq.
Eric D. Jones, Esq.
John A. Hobson, Esq.
Marc B. Heath, Esq.
David P. Cullenberg, Esq.
Randy J. Creswell, Esq.
R. Matthew Cairns, Esq.