UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Estate of Robert Pardy,
through its administrators
Kyley Gobin and Sara Pardy; and
Estate of Cody Pardy, through
its administrator Dorothy Ferland,
    Plaintiffs

    v.                                    Civil No. 09-cv-192-SM
                                          Opinion No. 2010 DNH 115
Alabama Farmers Cooperative, Inc.
d/b/a Bonnie Plant Farm; and
Highlands Fuel Delivery, LLC; and
Johnson & Dix Fuel Corporation,
    Defendants

**O R D E R**

Alabama Farmers Cooperative ("AFC") operates agricultural businesses and greenhouses around the country, including one in Lempster, New Hampshire, known as Bonnie Plant Farm. Robert Pardy was employed at Bonnie Plant Farm as a member of the "dirt crew." Additionally, he performed various handy-man and security services on the farm. In exchange for those services (or, perhaps, as a condition of his employment by AFC), Robert and his son Cody lived rent-free in a home on the Lempster farm.

On or around May 30, 2008, Robert and Cody tragically died in that home from carbon monoxide poisoning. The New Hampshire State Fire Marshal's office concluded that because a corroded exhaust pipe between the furnace and chimney had collapsed and

fallen to the floor, exhaust from the furnace had been venting directly into the house.

In June of 2009, the estates of Robert and Cody brought suit against AFC, alleging that its agents negligently maintained the house and its heating system (count one) and that, as landlord, AFC breached its implied warranty of habitability (count two). The estates also brought a claim against Highlands Fuel Delivery, LLC (formerly Irving Oil Corporation, which succeeded Johnson & Dix Fuel Corporation) alleging that Highlands' agents (or those of its predecessors) negligently inspected, maintained, and/or serviced the heating system (count three).[1]

Pending before the court are the following motions: plaintiffs' motion for summary judgment on the issue of Robert Pardy's employment status (document no. 58); AFC's motion to dismiss count one of Johnson & Dix Fuel Corporation's cross claims (document no. 60); Highland Fuel's motion to strike (document no. 72); and AFC's motion for reconsideration of the court's prior order denying AFC summary judgment (document no. 76).

---

[1]   In 2006, Johnson & Dix sold its gas and oil business to Irving Oil Corporation.  Subsequently, Irving converted to a limited liability corporation known as Highlands Fuel Delivery, LLC.

**Discussion**

I.   <u>Robert Pardy's Employment Status</u>.

Previously, AFC moved for summary judgment on the two claims brought against it by the Estate of Robert Pardy, asserting that, as a matter of law, those claims are barred by New Hampshire's Workers' Compensation Law.  The court denied AFC's motion, concluding that:

> [O]n the record as presently developed, a reasonable and properly instructed jury could plausibly conclude that Pardy's death did not arise out of and in the course of his employment by AFC.  Consequently, the court cannot conclude, as a matter of law, that the claims advanced by Pardy's estate are barred by New Hampshire's Workers' Compensation Law.

Order (May 24, 2010) at 8 (document no. 75).  AFC now moves the court to reconsider that order.  And, for its part, Robert Pardy's estate moves the court for summary judgment, seeking, in essence, a judicial declaration that its claims are <u>not</u> barred by New Hampshire's Worker's Compensation law (or, viewed slightly differently, that AFC's affirmative defense is, as a matter of law, without merit).  Those motions are denied.

As noted in the court's earlier order, "[t]he question whether an employee's injury arose out of or in the course of her employment is one of fact."  <u>Gagnon v. New Hampshire Ins. Co.</u>, 133 N.H. 70, 75 (1990).  And, the parties have pointed to

conflicting evidence on that dispositive factual question - that is, whether the "dominant relationship" between AFC and Robert Pardy at the time of his death was one of landlord/tenant or one of employer/employee.  Given the disputed material facts of record, neither Robert's estate nor AFC is entitled to judgment as a matter of law on that issue.

II.  <u>Johnson & Dix Fuel Corporation's Cross Claim</u>.

In its amended answer (document no. 52), Johnson & Dix Fuel Corporation advances a cross-claim against co-defendant AFC. Specifically, it asserts that AFC "negligently failed to preserve physical evidence, namely, the gas fired burner."  <u>Id</u>. at 6.  AFC moves to dismiss that count.

By order dated May 24, 2010 (document no. 74), the court addressed (and rejected) an identical cross-claim advanced against AFC by co-defendant Highlands Fuel Delivery:

> Highland's spoliation cross-claims fail for at least two reasons.  First, the New Hampshire Supreme Court has yet to recognize a common law tort claim for spoliation of evidence.  <u>See</u> <u>Rodriguez v. Webb</u>, 141 N.H. 177, 179 (1996).  <u>See also</u> <u>Cavadi v. Bank of America, N.A.</u>, No. 07-cv-224-PB, 2008 DNH 066 at *3 (D.N.H. April 1, 2008).
>
> Second, even if New Hampshire did recognize such a cause of action, Highlands alleges that AFC allowed the loss, theft, or destruction of irrelevant evidence (i.e., the furnace's burner unit).  Plaintiffs claim that their decedents died as a result of carbon

monoxide poisoning, caused by "an extremely rusted and corroded exhaust pipe from the furnace [to the chimney, which] had collapsed and fallen" to the floor.  Amended complaint (document no. 15) at para. 27.  There is no suggestion that the now-missing burner played any role in the decedents' deaths (other than by performing its intended function of igniting fuel and, as a byproduct, producing carbon monoxide).  And, Highland has failed to articulate how the loss of that burner (and Highland's inability to subject it to inspection and/or testing) in any way hinders its ability to defend this litigation.

Id. at 1-2.  For the reasons set forth in that order, AFC's motion to dismiss Johnson & Dix's cross-claim is granted.

### Conclusion

For the foregoing reasons, Robert Pardy's estate's motion for summary judgment on the issue of Robert's employment status (document no. 58) and AFC's motion for reconsideration on that issue (document no. 76) are denied.

AFC's motion to dismiss Johnson & Dix's cross-claim for negligent spoliation of evidence (document no. 60) is granted.

Finally, Highland Fuel Delivery's motion to strike (document no. 72) is denied.  That motion was rendered moot by the court's order dated May 24, 2010.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

July 19, 2010

cc:   Arend R. Tensen, Esq.
      David P. Cullenberg, Esq.
      Stephen J. Schulthess, Esq.
      Debbie L. Makris, Esq.
      John A. Hobson, Esq.
      R. Matthew Cairns, Esq.
      Randy J. Creswell, Esq.
      Eric D. Jones, Esq.
      Marc B. Heath, Esq.